IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Case No. 20-2352-WJM-SKC**

BOX ELDER KIDS, LLC, et al.,

    Plaintiffs,

vs.

ANADARKO E & P ONSHORE, LLC, et al.,

    Defendants.

**JOINT STATUS REPORT**

The parties file this Joint Status Report as directed in the Amended Superseding Scheduling Order (Doc. 153, at 7.) This Report:

(1) updates the Court on the status of the case, including a description of the parties' respective activities in discovery: *parties are proceeding with merits discovery*;

(2) alerts the Court to pending or anticipated issues between the parties that may require Court intervention: *there is one pending discovery dispute, fully briefed and awaiting decision*; and

(3) updates the Court regarding the prospect of settlement: *parties are open to discussing but no offers have been exchanged*.

**1.  Status of the Case**

Since the parties first exchanged their Rule 26(a) Initial Disclosures and documents in November 2020, the parties have worked together in the discovery phases of this case (class certification and now merits), which have proceeded without significant

1

disputes. A Stipulated Protective Order (Doc. 38) and an ESI protocol (Doc. 40) are in place. Discovery was bifurcated between class certification and merits: During class certification phase, Plaintiffs served a total of 3 sets of Requests for Production, 3 sets of Interrogatories, and 1 set of Requests for Admissions. Defendants served a total of 1 set of Requests for Production, 1 set of Interrogatories, and 1 set of Requests for Admissions. The parties together have taken eight depositions: five noticed by Defendants, three noticed by Plaintiffs. Subject to written objections and the ongoing duty to supplement, the parties have completed searching, reviewing, and producing documents responsive to the above-mentioned previously served discovery. No objections have been made regarding authenticity of any documents produced.

The Court issued an Order denying Class Certification on November 2, 2022 (Doc. 144), and entered an agreed Amended and Superseding Scheduling Order on December 28, 2022 (Doc. 153), to govern the merits phase of the case.

Since the entry of the operative scheduling order, the parties have briefed a disagreement over certain documents withheld on the basis of privilege, which is awaiting resolution by the Court (See infra, #3 & Doc. 155, 158, 159).

The parties have discussed the scheduling of additional depositions.

At Plaintiffs informal request, Defendants have supplemented certain payment data for the named Plaintiffs.

Plaintiffs anticipate serving limited additional written discovery.

Defendants anticipate serving limited additional written discovery.

### 2. Pending and Anticipated Issues

*Privilege Log Dispute.* Currently pending before the Court is Plaintiffs' Motion to Compel Production of Documents from Defendants' Privilege Log. (Doc. 155.) The dispute raised therein was first presented to the Court in September 2021 (see Doc. 80), but because the documents at issue related to merits rather than certification, the Court held the matter under advisement pending a ruling on certification. (Doc 135.) Class Certification was denied in November 2022 (Doc. 144), and pursuant to the operative scheduling order, the parties have submitted supplemental briefing regarding their disagreement. (Docs. 155, 158, 159.) Prompt resolution of this dispute will aid the parties in scheduling depositions and otherwise proceeding with merits discovery.

*Other Issues.* The parties continue to meet and confer regarding merits discovery. At this time, there are no disputes requiring Court intervention and the parties have no reason to believe that any issues that might arise cannot be resolved amicably through the meet and confer process.

### 3. Prospect of Settlement

Both parties have indicated an openness to discussing settlement or resolution of the individual claims in this case. However, no offers or demands have been exchanged. Given Plaintiffs' recent receipt of updated payment data, Plaintiffs anticipate being able to update their damages disclosures and better position the parties to discuss the use of alternative dispute resolution methods for settlement or resolution of the claims. Additionally, the parties have agreed to formally exchange offers of settlement in October 2023 per the operative scheduling order (Doc. 153).

Respectfully submitted this 23rd day of March 2023.

| SHARP LAW, LLP | WILLIAMS WEESE PEPPLE & FERGUSON PC |
|---|---|
| *s/ Larkin E. Walsh* | *s/ Mairead Dolan (with permission)* |
| SHARP LAW LLP | Ezekiel J. Williams |
| Rex A. Sharp, No. 17389 | Carlos R. Romo |
| Larkin E. Walsh | Mairead Dolan |
| Sarah T. Bradshaw, No. 54512 | 1801 California Street, Suite 3400 |
| Brandon C. Landt | Denver, CO 80202 |
| 4820 W. 75th Street | Phone Number: 303-861-2828 |
| Prairie Village, KS 66208 | Fax Number:303-861-4017 |
| Telephone: (913) 901-0505 | E-mail: zwilliams@williamsweese.com |
| Fax: (913) 901-0419 | cromo@williamsweese.com |
| rsharp@midwest-law.com | mdolan@williamsweese.com |
| lwalsh@midwest-law.com | |
| sbradshaw@mdwest-law.com | and |
| blandt@midwest-law.com | |
| | GIBBS & BRUNS LLP |
| and | Barrett H. Reasoner |
| | Anthony N. Kaim |
| ASTRELLA LAW, P.C. | Shannon N. Smith |
| Lance Astrella, No. 5183 | 1100 Louisiana, Suite 5300 |
| 1600 Broadway, Suite 1070 | Houston, TX 77002 |
| Denver, CO 80202 | Telephone : 713-650-8805 |
| Telephone: (303) 292-9021 | Facsimile : 713-750-0903 |
| Fax: (303) 296-6347 | Email : breasoner@gibbsbruns.com |
| lance@astrellalaw.com | akaim@gibbsbruns.com |
| | snsmith@gibbsbruns.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Larkin E. Walsh*
Larkin E. Walsh
Sharp Law, LLP
Counsel for Plaintiffs
