# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 20-cv-2352-WJM-JPO

BOX ELDER KIDS, LLC,
C C OPEN A, LLC, and
GUEST FAMILY TRUST, by its Trustee CONSTANCE F. GUEST, individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ANADARKO E & P ONSHORE, LLC,
ANADARKO LAND CORPORATION, and
KERR-MCGEE OIL AND GAS ONSHORE, LP,

    Defendants.

---

## ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY RULING

---

In this discovery dispute, Anadarko E & P Onshore, LLC, Anadarko Land Corporation, and Kerr-McGee Oil and Gas Onshore, LP (collectively, "Defendants") object (ECF No. 182) to the Magistrate Judge's Order (ECF No. 180) compelling production of 19 documents to Plaintiffs Box Elder Kids, LLC, C C Guest A, LLC, and the Guest Family Trust, by its Trustee Constance F. Guest, individually and on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") on the ground that Defendants waived any claimed privilege to these documents. Plaintiffs filed a response to Defendants' objection. (ECF No. 187.)

Although waiver is a harsh sanction for a discovery violation, and the Court may not have found waiver had it been tasked with deciding this issue in the first instance,

the Court nevertheless discerns no clear error in the Magistrate Judge's ruling. Consequently, the Court overrules Defendants' objection to the Magistrate Judge's Order.

## I. PERTINENT BACKGROUND

In August 2020, Plaintiffs sued Defendants for breach of contract. (ECF No. 1.) In September 2021, the parties informed then-United States Magistrate Judge S. Kato Crews of a discovery dispute with respect to approximately 200 documents. (ECF No. 80.) Over the next two years, Defendants submitted a total of six amended privilege logs, which listed over 800 documents, including the 19 at issue here, that Defendants claimed were protected by the attorney-client privilege and/or work product doctrine. (ECF No. 180 at 3.)

In February 2023, Plaintiffs moved to compel production of 66 of these 800 documents. (ECF No. 155.) As relevant here, Plaintiffs argued that Defendants had waived any privilege to 19 of these 66 documents—specifically, Entry Nos. 28, 40–42, 45, 47, 50, 51, 100, 112, 132, 133, 168, 169, 171, 174, 177, 197, and 198. (*Id.*) In support of their waiver theory, Plaintiffs argued that Defendants failed to sufficiently disclose the custodians, authors, dates of creation, subject matter, and other critical details that would enable Plaintiffs or Judge Crews to reasonably assess the claimed privilege. (*Id.*) Defendants disputed that they waived any privilege as to these documents. (ECF No. 158.)

Judge Crews found that Defendants waived any claim of privilege as to these 19 documents. (ECF No. 180 at 6.) Judge Crews began by observing that Fed. Rule Civ. P. 26(b)(5) requires a party "withholding responsive information" on a claim of privilege

2

to "expressly make the claim," and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  (*Id.* at 5.)  Judge Crews further observed that a privilege log is generally "adequate if it identifies with particularity the documents withheld, including their date of creation, author, title or caption, addressee and each recipient, and general nature or purpose for creation."  (*Id.* at 6 (quoting *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1232 (D. Colo. 2010)).)

With these principles in mind, Judge Crews found that "the circumstances of this case warrant a finding of waiver as to these categories of documents."  (*Id.* at 7.)  Judge Crews emphasized that "Defendants are now on their *sixth* iteration of their privilege log, and at least the *third* iteration since September 2021 containing the 66 disputed documents."  (*Id.* at 7–8.) (emphasis in original).  Judge Crews continued, "And yet, 19 of the 66 disputed entries still identify no recipient, no author, or both."  (*Id.* at 8.)

As to the documents Defendants claimed were covered by the attorney-client privilege, Judge Crews remarked that Defendants' descriptions of those documents "perplexing[ly]" did not indicate who the recipient was of the claimed legal advice.  (*Id.* at 8.)  And as to the documents Defendants claimed were covered by the work product doctrine, Judge Crews noted that Defendants either listed no author or identified the author by a vague shorthand or acronym.  (*Id.*)  Judge Crews acknowledged that Defendants included a "'Cast List' to assist with review" of the sixth amended privilege log but explained that the "list does not identify the person associated with these references, rendering them meaningless."  (*Id.*)  In Judge Crews's view, "Neither the

3

Court nor Plaintiffs should have to hunt and peck through the Sixth Log and review the documents to determine how other entries somehow fill in the blanks for entries that omit critical information.  As mentioned, Defendants have had three tries since September 2021 to supply complete privilege log entries and have failed each time." (*Id.* at 9.)

Given these circumstances, Judge Crews "decline[d] to review these 19 documents *in camera* to discern Defendants' claims of privilege," and found that "Plaintiffs have made an adequate showing that Defendants have waived any claimed privilege or protection." (*Id.* at 10.)  As a result, Judge Crews ordered that these documents "be produced to Plaintiffs." (*Id.*)

In August 2023, the Court denied Defendants' Emergency Motion to Stay Enforcement of Judge Crews's order. (ECF No. 196.)  That same month, Defendants objected to Judge Crews's order requiring production of the 19 documents. (ECF No. 182.)  Plaintiffs filed a response (ECF No. 187).

## II. APPLICABLE LAW

"Discovery is a nondispositive matter. . . ." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks

4

omitted). The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

Federal Rule of Civil Procedure 26(b)(5)(A) requires a party opposing, on the basis of privilege, production of items sought in discovery to expressly make a claim of privilege and describe the nature of the documents and why they are protected. Specifically, Rule 26 requires the party opposing production to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). With respect to privilege logs in particular, such logs are generally "adequate if [they] identif[y] with particularity the documents withheld, including their date of creation, author, title or caption, addressee and each recipient, and general nature or purpose for creation." *Zander*, 743 F. Supp. 2d at 1232. "[P]roduction of an inadequate privilege log may be deemed a waiver of the privilege asserted." *Lee v. State Farm Mut. Auto. Ins. Co.*, 249 F.R.D. 662, 671, 683–84 (D. Colo. 2008).

### III. APPLICATION

Defendants contend that Judge Crews's order compelling production of the 19

5

documents on waiver grounds "is clearly erroneous because it relies on a misstatement of the relevant facts and because it misapplies the applicable law." (ECF No. 182 at 1.) Specifically, Defendants argue that, although the names of the attorneys purportedly providing legal assistance may not have been listed in the "sender" and "recipient" columns of the Sixth Amended Privilege Log, this identifying information was included elsewhere—the "Attorney(s) Involved/Listed in Document" column of the log. (*Id.* at 3.) According to Defendants, Judge Crews therefore clearly erred by applying a mechanical framework in assessing whether the log sufficiently described the documents such that the Court could adequately assess the claim. (*Id.* at 4 (citing *United States v. Copar Pumice Co., Inc.*, 2012 WL 12906523, at *5 (D.N.M. Oct. 24, 2012) (advising against "a mechanistic determination of whether the information is provided in a particular format")).)

But like Judge Crews, the Court sees the inadequacies of Defendants' claims of privilege as they pertain to the 19 documents which Defendants maintain are protected under the attorney-client privilege and/or work production doctrine. Several of the entries in the privilege log do not identify any author or otherwise indicate that they are entitled to protection pursuant to a privilege. (*See* ECF Nos. 28, 100, 132, 168.) And to the extent the "Attorney(s) Involved/Listed in Document" column suggests an author of the document, that column is not very illuminating. Indeed, some entries in that column refer to the involved attorney as "lkg339," "zei205," "sbn361," or simply, "Shawn." (Entry Nos. 45, 133, 169, 197, 198.) The Court agrees with Judge Crews that the log itself— not "additional entries" or information located elsewhere—should allow the Court to reasonably assess whether a privilege may apply to that document. *Krenning v. Hunter*

6

*Health Clinic, Inc.*, 166 F.R.D. 33, 35 (D. Kan. 1996) ("*In camera* procedures should be a rare procedure in discovery disputes.  Such a procedure requires a great deal of a court's time and energy; the party asserting the privilege should provide the justification for withholding a document instead of handing over documents and waiting for the court to do their work for them.").  (ECF No. 180 at 8–9.)

The Court also agrees with Judge Crews that the description section of the log is not very helpful either.  (*Id.* at 8.)  Some of the descriptions assert that the document "includes legal advice from company attorney" and that it was "prepared at the direction of counsel at a time when company anticipated litigation."  (*See e.g.*, Entry Nos. 169, 197, 198.)  But these general, non-specific assertions do not enable Plaintiffs nor the Court to reasonably assess whether the document is indeed entitled to protection.  *Emps. Reinsurance Corp. v. Mid-Continent Cas. Co.*, 358 F.3d 757, 775 (10th Cir. 2004) (noting that the district court compelled a party to disclose documents because it found the privilege log inadequate to enable the court to determine whether the documents were privileged).

Hence, contrary to Defendants' suggestion, Judge Crews did not find that the logs were "inadequate merely because [they] provide[] information in Column I as opposed to Column E."  (ECF No. 182 at 4.)  Rather, Judge Crews found that the logs were inadequate because they failed to include important details as to the claimed privilege in Column I, E, or elsewhere in the log.  Simply put, the Court does not perceive clear error in Judge Crews's finding that the Sixth Amended Privilege Log does not comport with the requirements of Rule 26(b)(5).

Still, Defendants maintain that, even assuming the privilege log was inadequate,

waiver was not the appropriate remedy here.  (*Id.* at 6.)  They point to several decisions in which courts in this jurisdiction have declined to find waiver in circumstances where the privilege log was inadequate, considering the remedy to be too harsh.  *See Pandeosingh v. Am. Med. Response, Inc.*, 2014 WL 5488415, at *2 (D. Colo. Oct. 30, 2014) (explaining that "[t]he attorney client privilege . . . is sacrosanct" and "declaring a waiver of privilege as an appropriate sanction for an inadequate privilege log is too harsh"); *see also Carlson v. Colo. Ctr. for Reprod. Med.*, LLC, 341 F.R.D. 266, 289 (D. Colo. 2022) ("[T]he court finds that declaring a waiver of privilege as an appropriate sanction for an inadequate privilege log is a disproportionate remedy."); *Am. Ins. Co. v. Pine Terrace Homeowners Ass'n*, 2021 WL 10256393, at *3 (D. Colo. Mar. 12, 2021) ("[T]he attorney client privilege, in particular, is sacrosanct, and declaring a waiver of privilege as an appropriate sanction for an inadequate log is too harsh a penalty at this stage.").  Furthermore, Defendants suggest that a finding of waiver should be reserved "only upon a showing of bad faith or otherwise egregious conduct."  (*Id.* at 7.)  They point to *Skratch Labs LLC v. Delivery Native, Inc.*, 2022 WL 124753, at *3 (D. Colo. Jan. 13, 2022), wherein the undersigned perceived no abuse of discretion in the magistrate judge's finding of no waiver where "Plaintiff has not alleged that Defendant was acting in bad faith."

The Court recognizes that Judge Crews's finding of waiver appears to go against the grain of what some other courts have done in similar circumstances.  *See, e.g.*, *Sprint Commc'ns Co. L.P. v. Big River Tel. Co.*, LLC, 2009 WL 2878446, at *1 (D. Kan. Sept. 2, 2009) ("Because waiver is a harsh sanction, however, courts often reserve such a penalty for those cases where the offending party unjustifiably delayed in

8

responding to the discovery requests or acted in bad faith"); *Jordan v. Wiley*, at *3 (D. Colo. Sept. 8, 2009) (explaining that waiver is not an appropriate sanction where "Defendants did not unjustifiably delay or engage in any egregious conduct that would require the court to filed that they waived applicable privileges"); *In re Blue Cross Blue Shield Antitrust Litig.*, 2018 WL 11425454, at *3 (N.D. Ala. Sept. 14, 2018) ("Waiver of privilege is the most extreme sanction that a court can impose for failure to follow required procedure and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests").  And the Court acknowledges that a lack of a bad faith showing can support a finding of no waiver.

But the Court also recognizes that Judge Crews's ruling is not such an outlier that it is on a jurisprudential island.  *See, e.g., U.S. v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008) ("When the party seeking protection fails to specifically identify the materials protected, courts have uniformly found a waiver."); *Emps. Reinsurance Corp. v. Mid-Continent Cas. Co.*, 358 F.3d 757, 775 (10th Cir. 2004) (acknowledging, but not analyzing, the district court's denial of privilege where the privilege log was "inadequate to enable the court to determine whether the documents were privileged"); *Lee*, 249 F.R.D. at 671, 683–84 (adopting, in relevant part, the special master's recommendations of disclosure based on waiver for failure to submit a proper privilege log).  Moreover, the Court points out that neither the undersigned, nor any other court (as best the Court can tell), has held that a bad faith showing is *necessary* to uphold a finding of waiver under Rule 26.  This Court, and others, have simply discerned no abuse of discretion under circumstances different than those here—*i.e.*, where the

magistrate judge did *not* find waiver in the absence of bad faith.

Notably, Judge Crews acknowledged these contrary decisions in his Order and nonetheless decided that the particular circumstances of this case warranted a finding of waiver.  (ECF No. 180 at 7 (citing *Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 289 (D. Colo. 2022) (concluding waiver was a disproportionate remedy for an inadequate privilege log)).)  Important to Judge Crews's decision appears to be the facts that the parties had been litigating these various discovery disputes for years, and that Defendants had submitted six privilege logs, each of which failed to include complete descriptions of the documents at issue.  (*See* ECF No. 180 at 9 ("Defendants do not explain why, after at least three attempts, these log entries still identified no recipients, no authors, or both.")).)  While the Court takes Defendants' point that "[e]ach iteration of the Privilege Log [was] not an 'attempt' to cure purported deficiencies in prior versions," the fact remains that Defendants had considerable time to ensure that the logs comported with Rule 26(b)(5)'s requirements, and yet they did not do so.  *See Jordan* 2009 WL 2913231, at *3 (suggesting that a waiver finding may be appropriate where the defendants engaged in "unjustifiably delay"); *see also In re Blue Cross Blue Shield Antitrust Litig.*, 2018 WL 11425454, at *3 (same).

In sum, while the Court might have ruled differently than Judge Crews had it been tasked with deciding this issue in the first instance, the Court is nonetheless mindful that the standard of review instructs the Court to leave the underlying ruling undisturbed absent clear error.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza*, 167 F.R.D. at 133.  And, as discussed, the Court is not convinced that Defendants have cleared that high bar.

10

## IV. CONCLUSION

For all these reasons, the Court OVERRULES Defendants' objection (ECF No. 182) to the Magistrate Judge's Order (ECF No. 180) compelling production.

Dated this 16th day of August, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

11